IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **DLJ MORTGAGE CAPITAL, INC.**, <br><br> Plaintiff, <br><br> v. <br><br> **JULIAN VÁZQUEZ PEREZ** and **CARMEN A. RODRÍGUEZ MALDONADO**, <br><br> Defendants. | Civil No. 16-2069 (BJM) |

## OPINION AND ORDER

Plaintiff, DLJ Mortgage Capital Inc., brought this action against Julián Vázquez Pérez and Carmen A. Rodríguez Maldonado ("Defendant Vázquez" and "Defendant Rodríguez," collectively "Defendants") to collect on a mortgage note and foreclose on the mortgaged property. Docket No. ("Dkt.") 1. Before the court is Plaintiff's motion for summary judgment. Dkt. 71. The case is before me by consent of the parties. Dkt. 21. Defendants have not opposed the motion. For the reasons set out below, DLJ's motion for summary judgment is **GRANTED**.

## BACKGROUND

This summary of the facts is guided by Plaintiff's Local Rule 56[1] statement of uncontested facts. Dkt. 71-72.

Plaintiff is a corporation that holds title over the mortgage in question; Plaintiff's principal place of business is in New York, New York. Dkt. 1 ¶¶ 1, 16. Select Portfolio

---

[1] Local Rule 56 requires parties at summary judgment to supply brief, numbered statements of facts, supported by citations to admissible evidence. It "relieve[s] the district court of any responsibility to ferret through the record to discern whether any material fact is genuinely in dispute," *CMI Capital Market Inv. v. González-Toro*, 520 F.3d 58, 62 (1st Cir. 2008), and prevents litigants from "shift[ing] the burden of organizing the evidence presented in a given case to the district court." *Mariani-Colón v. Dep't of Homeland Sec.*, 511 F.3d 216, 219 (1st Cir. 2007). The rule "permits the district court to treat the moving party's statement of facts as uncontested" when not properly opposed, and litigants ignore it "at their peril." *Id.*

Servicing, Inc. ("SPS") is Plaintiff's servicer, acting on Plaintiff's behalf to manage all transactions, payments, communications disbursements, and other matters between Plaintiff and mortgagees. Dkt. 1 ¶ 2; *see also* Dkt. 71, Ex. 5 at 2. SPS has its principal place of business in Salt Lake City, Utah. *Id*. Defendants are both residents of Puerto Rico. Dkt. 1 ¶ 3. On November 29, 2005, Defendants signed a promissory note for a mortgage lien of $348,880.00, payable to FirstBank Puerto Rico, with interest accruing at 6.875 percent per annum from the date of the note until paid. Dkt. 72 ¶ 1. On the same day, the parties secured payment of the debt brought about by the note through a mortgage lien (Mortgage Deed No. 1163). *Id*. ¶ 4. The Property Registry lists Defendants as the owners of the property in question.[2] *Id*. ¶ 8; *see also* Ex. 2.

The note provides for a five percent late charge for any installment payment not received within fifteen days of the due date. *Id*. ¶ 2. The note also contains a penal clause which provides that if the "holder of the Note is required to foreclose the mortgage or seek judicial collection, or collection in any bankruptcy proceeding," they are then entitled to an additional ten percent of the original principal amount to "cover costs, expenses and attorney's fees." *Id*. ¶¶ 3, 5. This clause additionally ensures that the lender or the note holder will receive ten percent of the original principal amount for "any other advances which may be made under the mortgage" and for "interest in addition to that secured by law." *Id*. ¶ 5.

On August 10, 2010, Firstbank Puerto Rico and Defendants agreed to modify the note by executing Mortgage Deed No. 423 before Public Notary Alexandra Serracante Cadilla. *Id*. ¶¶ 11-13; *see also* Dkt. 71, Ex. 3. Mortgage Deed No. 423 increased the principal amount of the note to $357,551.18 and modified the annual interest rate to 5.5%

---

[2] The note is recorded under Property No. 27416 in Section IV of the Property Registry of San Juan, Trujillo Alto, at page 180 of Volume 554, Inscription No. 8. *Id*. ¶¶ 7, 10.

for the first twenty-four consecutive months, increasing the rate to 6.875% starting in the twenty-fifth month.[3] *Id*.

      Defendants have been in default regarding their obligations under the note since March 1, 2013. Dkt. 72 ¶ 23; *see also* Ex. 5, ¶ 11. On June 21, 2017, co-debtor Defendant Rodríguez filed a bankruptcy petition in the United States Bankruptcy Court for the Middle District of Florida ("USBC"), and on October 11, 2017, the USBC granted her discharge from personal liability in other lawsuits, including the matter at hand. Dkt. 72 ¶¶ 25-26. As of March 24, 2020, Defendants owed $351,206.57 in principal on the note, had accrued $166,521.88 in interest, and had accumulated $11,446.23 in escrow advances on the note. *Id*. ¶ 27. Since May 24, 2020, Defendants have accrued interest at a rate of $62.76 per day and will continue to do so until they pay off the debt in full. *Id*.

      Plaintiff is the current holder and owner of the note. *Id*. ¶ 27. Plaintiff tasked SPS with servicing the mortgagee on their behalf, but SPS has been unable to collect from Defendants despite multiple efforts. *Id*. ¶¶ 31-32. As per the modifications under Mortgage Deed No. 423, the principal amount of the note, $357,551.18, will serve as the lowest bid at auction in the case of foreclosure. *Id*. ¶¶ 28-29. Neither defendant is serving in the United States Armed Forces. *Id*. ¶¶ 33-34. This action was filed against Defendants in June 2016.

## SUMMARY JUDGMENT STANDARD

      Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material only if it "might affect the outcome of the suit under the governing law," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and "[a] 'genuine' issue is one that could be resolved in favor of either party." *Calero-Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir. 2004). The movant for summary judgment must first "inform [ ] the district court of the basis for its motion," and identify the record

---

[3] The modified note was recorded as Inscription No. 9 under Property No. 27416 in the Property Registry. *Id*. ¶ 20.

DLJ Mortgage Capital, Inc. v. Vázquez Perez, Civil No. 16-2069 (BJM)                                          4

materials "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); R. 56(c)(1). If this threshold is met, the opponent "must do more than simply show that there is some metaphysical doubt as to the material facts" in order to avoid summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party may not prevail with mere "conclusory allegations, improbable inferences, and unsupported speculation" regarding any element of the claim. *Medina-Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990).

In considering summary judgment, the court ascertains whether the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Leary v. Dalton*, 58 F.3d 748, 751 (1st Cir. 1995). The court draws inferences and evaluates facts "in the light most favorable to the nonmoving party," *Leary*, 58 F.3d at 751, and the court must not "superimpose [its] own ideas of probability and likelihood (no matter how reasonable those ideas may be) upon the facts of the record." *Greenburg v. P.R. Maritime Shipping Auth.*, 835 F.2d 932, 936 (1st Cir. 1987).

**DISCUSSION**

Puerto Rico law governs this diversity action. Under Puerto Rico law, "obligations arising from contracts have legal force between the contracting parties and must be fulfilled in accordance with their stipulations." P.R. Laws Ann. tit. 31, § 2994. The law defines a mortgage as an "obligation secured by real property that is duly recorded in the Property Registry." P.R. Laws Ann. tit. 13, § 30294. The law also distinguishes between debts and mortgages:

> Any given debt can give rise to a personal action for collection of monies which may eventually be executed upon personal or any other property of the debtor. These proceedings will be filed against the debtor and the prayer for relief is limited to money. The mortgage, on the other hand, is the guarantee which gives rise to a mortgage foreclosure suit to collect from the very property that secured the debt.

DLJ Mortgage Capital, Inc. v. Vázquez Perez, Civil No. 16-2069 (BJM)                                                   5

*Chicago Title Ins. Co. v. Sotomayo*r, 394 F. Supp. 2d 452, 460 (D.P.R.2005). "A secured creditor may take legal action to collect on a debt and enforce the pledge if not timely satisfied." *DLJ Mortg. Capital, Inc. v. Jesus-Santa*, No. 15-1596 (BJM), 2016 WL 3365396, at *2 (D.P.R. June 16, 2016) (alteration in original).

Plaintiff argues that it is entitled to summary judgment against Defendants for foreclosure on the mortgaged property. Dkt. 71. Defendants have not opposed Plaintiff's motion. However, "even an unopposed motion for summary judgment should not be granted unless the record discloses that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *CitiMortgage, Inc. v. River-Anabitate*, 39 F. Supp. 3d 152, 154 (D.P.R. 2014) (citing *Rivera-Torres v. Rey-Hernandez*, 502 F.3d 7, 13 (1st Cir. 2007)). The court must still decide whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Leary*, 58 F.3d at 751.

In the present case, there is no factual issue or dispute: the defendants have failed to satisfy the terms and conditions of the mortgage note and allege no facts suggesting otherwise or justifications for their default. Dkt. 71, Ex. 1, 5. The note states that if Defendants enter default, Plaintiff may demand immediate payment of the principal amount that is still unpaid and all of the interest that has accrued on that amount. *See* Dkt. 71, Ex. 1, at 1. Plaintiff has properly done so.

Plaintiff is entitled to judgment as a matter of law as well, having already taken the necessary steps to obtain such a judgment. The Court waived the mediation process required under Article 3 of Law 184 of 2012, P.R. Laws Ann. tit. 32, App. III, § 2882, finding that the time period for mediation had been exhausted because Defendants showed no interest in paticipating in the process and did not oppose Plaintiff's motion asking the Court to waive mediation. Dkt. 69; *see also, e.g.*, *Roosevelt Cayman Asset Co. II v. Sanchez Mata* (D.P.R. Mar. 12, 2019) (holding that "the District of Puerto Rico, a federal court, is not a 'Court of Puerto Rico,'" and so it is not "bound by the jurisdictional requirements"

DLJ Mortgage Capital, Inc. v. Vázquez Perez, Civil No. 16-2069 (BJM)         6

of Puerto Rico law, such as required mediation). The law requires no further steps on the part of Plaintiff.

Despite Defendant Rodríguez's discharge from liability in bankruptcy court, foreclosure against her can proceed anyway. If a United States Bankruptcy Court has granted a defendant discharge from liability in other cases due to coinciding bankruptcy court proceedings, then any judgment against said defendant will be void "to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged." 11 U.S.C.A. § 524(a)(1) (West). The United States Bankruptcy Court for the Middle District of Florida granted Defendant Rodríguez discharge from personal liability after she filed a bankruptcy petition on October 11, 2017. Dkt. 72 ¶¶ 25-26. However, while Defendant Rodríguez is exempt from personal liability for her personal debts, the foreclosure and sale of a property she holds partial title over can nonetheless proceed under 11 U.S.C.A. § 522. *Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991). A bankruptcy discharge only extinguishes personal liabilities of the debtor; therefore, a creditor's right to recovery in rem (e.g. through foreclosure) survives or "passes through" a bankruptcy discharge. 11 U.S.C.A. § 522(c)(2)(a) (West); *see also Johnson*, 501 U.S. at 82-83; *Summers v. Fin. Freedom Acquisition LLC*, 807 F.3d 351, 357 (1st Cir. 2015). Recovery in rem is still viable in the case of a bankruptcy discharge because "[t]he land is the real defendant in [a foreclosure] proceeding." *Summers*, 807 F.3d at 357 (quoting Hunt v. Darling, 26 R.I. 480, 59 A. 398, 399 (1904)). Thus, a bankruptcy discharge does not release the mortgage lien because the property is still subject to payment through foreclosure without demanding any personal recovery from the discharged party. *Long v. Bullard*, 117 U.S. 617, 619, (1886).

Defendants also agreed to waive their rights to presentment and notice of dishonor, giving Plaintiff the ability to collect default penalties from Defendants without formally informing them and the ability to legally inform other parties of Defendants' default. *Id*. at 2; *see also* P.R. Laws Ann. tit. 19, §§ 701, 703, 704.

There is therefore no genuine issue of material fact as to Defendants' liability or Plaintiff's right to foreclose on the property and Plaintiff is entitled to summary judgment as a matter of law.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is **GRANTED**, and judgment shall be entered against Defendant Vázquez in the amount of $351,206.57 in principal; plus accrued interest amounting to $166,521.88 as of March 24, 2020 and interest continuing to accrue at a daily rate of $62.76 until Defendant Vázquez pays off the debt in full; plus an accumulated $11,446.23 in escrow advances. If Defendant Vázquez does not pay the judgment sum to Plaintiff within sixty days of the date of this order, then Plaintiff may foreclose on the mortgage lien and sell the mortgaged property through public sale. The modified principal amount of $357,551.18 will serve as the minimum bid at auction.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 18th day of August, 2021.

*s/Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge